UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MAURICE EDWARD CARTER ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 2:15-cv-0057 |
| ] | Chief Judge Sharp |
| MIKE PARRIS, Warden ] | |
|     Respondent. ] | |

## **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Mike Parris, Warden of the facility, seeking a writ of habeas corpus.[1]

### **I. Background**

On December 7, 2009, the petitioner pled guilty in Smith County to aggravated statutory rape and criminal exposure to HIV. Doc. No. 55-10. For these crimes, he received an aggregate sentence of twenty (20) years in prison. Doc. No. 55-1 at pgs. 127 and 130.

As part of his plea agreement, the petitioner reserved a certified question of law for appeal. *Id.* at pgs. 122-123. The Tennessee Court of Criminal Appeals, however, rejected the appeal, finding that the petitioner's certified question of law was not dispositive. Doc. No. 55-15. The Tennessee

---

[1] When this action was originally filed, the petitioner was an inmate at the Morgan County Correctional Complex where Shawn Phillips is the Warden. He has since been transferred to his present place of confinement where his custodian is Warden Mike Parris. *see* Doc. No. 54, fn. 1.

1

Supreme Court later denied petitioner's request for additional review. Doc. No. 55-18.

In July, 2012, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Smith County. Doc. No. 55-19 at pgs. 4-33. The trial court summarily dismissed the petition, concluding that the petitioner's claims had previously been considered on direct appeal. *Id.* at pgs. 34-35. Upon review, the Tennessee Court of Criminal Appeals reversed this ruling and remanded the case back to the trial court for further proceedings. Doc. No. 55-23.

Counsel was appointed to represent the petitioner and an amendment of the *pro se* petition for post-conviction relief was filed. Following an evidentiary hearing, the trial court denied the petitioner's request for post-conviction relief. Doc. No. 55-27. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Doc. No. 55-31. For a second time, the Tennessee Supreme Court refused to grant petitioner's request for further review. Doc. No. 55-34.

## II. Procedural History

On October 8, 2015, the petitioner initiated this action with the *pro se* filing of a petition (Doc. No. 1) for writ of habeas corpus. The petition consists of three claims for relief. These claims include :

    1)    trial counsel were ineffective due to misrepresentations made by them that the certified question of law would be considered on direct appeal (pg. 5);

    2)    trial counsel were ineffective for failing to properly preserve the certified question of law for appeal (pg. 6); and,

    3)    trial counsel were ineffective for allowing petitioner "to enter into an unknowing, involuntary, and uninformed plea as well as allowing a plea through use of fraud,

improper promises and/or misrepresentations" (pg. 8).[2]

Upon its receipt, the Court reviewed the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, the respondent was directed to file an answer, plead or otherwise respond to the petition. Doc. No. 7.

The respondent then filed a Motion to Dismiss (Doc. No. 18), arguing that the petitioner had failed to fully exhaust his state court remedies for all three of his claims. The petitioner conceded that he had not yet fully exhausted his claims and filed a Motion to Hold Action in Abeyance (Doc. No. 21), to allow him time to conclude the exhaustion of his remedies in the state courts.[3]

By an order (Doc. No. 22) entered January 7, 2016, the respondent's Motion to Dismiss was denied and the petitioner's Motion to Hold Action in Abeyance was granted. This case was administratively closed, subject to reopening upon motion of either party.

In August, 2016, the petitioner filed a Motion to Reopen Case (Doc. No. 30) and a Motion to Lift Stay (Doc. No. 32). These motions were granted, and the respondent was once again directed to file an answer, plead or otherwise respond to the petition. Doc. No. 33.

Presently before the Court is respondent's Answer (Doc. No. 54), to which the petitioner has offered no reply.

Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the petition as the law and justice require.

---

[2] The petitioner retained Jack Bellar and Jamie Winkler, members of the Smith County Bar, to represent him.

[3] The petitioner acknowledged that he had filed a petition for Writ of Error Coram Nobis in the state courts that was still pending. Doc. No. 21.

Rule 8(a), Rules - - - § 2254 Cases.

## III. Analysis of the Claims

**A.) Procedurally Defaulted Claim**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.*. It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[4]

---

[4] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

The petitioner alleges that his attorneys were ineffective because they allowed him "to enter into an unknowing, involuntary, and uninformed plea as well as allowing a plea through use of fraud, improper promises and/or misrepresentations." (Claim No. 3).

These allegations were never set forth as a claim for relief either during direct appeal (Doc. No. 55-12) or the post-conviction proceedings (Doc. No.55-28).[5] Unfortunately, at this late date, the petitioner is no longer able to raise this issue in the state courts for review. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to this claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).[6]

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of

---

[5] On appeal from the denial of post-conviction relief, the petitioner did suggest that he pled guilty due to the ineffectiveness of counsel. However, this claim was framed as an error of the trial court rather than counsel ("for failing to assess whether trial counsel had taken the necessary measures to ensure that Mr. Carter had a full understanding of the implications of entering a guilty plea, as the plea related to the reservation of a certified question of law"). Doc. No. 55-28 at pg. 14.

[6] The Tennessee Court of Criminal Appeals ruled that this issue had been waived because it was neither raised in the petitioner's amended post-conviction petition nor argued at the post-conviction evidentiary hearing. Doc. No. 55-31 at pg. 16. When a state court rejects a habeas petitioner's claim pursuant to an independent and adequate procedural ground, that claim has been procedurally defaulted. Baze v. Parker, 371 F.3d 310, 320 (6th Cir.2004). Tennessee's waiver rule constitutes an adequate and independent state law rule precluding habeas corpus relief. Hutchinson v. Bell, 303 F.3d 720, 738 (6th Cir.2002).

federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner, though, can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

Anticipating that the Court would find that this issue had been procedurally defaulted, the petitioner has alleged that post-conviction counsel was ineffective for failing to present all available issues during the post-conviction appeal. Doc. No. 1 at pg. 5. Such an assertion may be used to establish cause for a procedural default. *See* Martinez v. Ryan, 566 U.S. 1, 9 (2012)(inadequate assistance of counsel at initial review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial). It is noted, however, that the failure of counsel "to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." McFarland v. Yukins, 356 F.3d 688, 699 (6th Cir. 2004); *see also* Jones v. Barnes, 463 U.S. 745 (1983)(counsel has no constitutional duty to raise every non-frivolous issue requested by the petitioner).

According to the transcript of the petitioner's guilty plea hearing, he understood the charges against him, the rights that he would be waiving, and the penalties that could be imposed upon him.

6

Doc. No. 55-10 at pgs. 7-9. The petitioner also acknowledged discussing the evidence against him with his attorneys. *Id.* at pg. 11. The petitioner admitted that he was guilty of the charges, *Id.* at pg. 19, and, when asked, told the court that he was "totally satisfied" with counsels' services. *Id.* at pg. 17. In short, post-conviction counsel was not ineffective for failing to pursue this claim through the state courts. The petitioner has made no such showing of cause with regard to the defaulted claim. Nor has the petitioner made a showing of prejudice. As a consequence, the petitioner has failed to demonstrate that the procedural default of this claim should be excused. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate court for review).

**B.) Fully Exhausted Claims**

The remaining claims (Claim Nos. 1 and 2) essentially allege that counsel were ineffective because, on direct appeal, the state appellate court would not address the petitioner's certified question of law, finding it had no jurisdiction to consider the question because it was not dispositive in nature. These claims were fully exhausted in the state courts.

The availability of federal habeas corpus relief is limited with regard to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86, 92 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless (1) it resulted in a decision contrary to clearly established federal law or (2) involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on

7

a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405 (2000). To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. *Id.* at 529 U.S. 413. In short, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

Evidence against the petitioner included incriminating photographs and DVDs found in a locked box in his car. Petitioner attempted to suppress this evidence but was unsuccessful. He then agreed to plead guilty but reserved a certified question of law relating to the validity of the search and seizure for appeal.

On appeal, the Tennessee Court of Criminal Appeals would not consider the merits of petitioner's challenge because such a ruling would not be dispositive of his case. The petitioner now claims that his attorneys were ineffective because he was misled into thinking that his challenge would be heard on the merits. He asserts that he would not have pled guilty if he knew that the appellate court would not review the search and seizure of that material.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. Missouri v. Frye, 566 U.S. 133, 138 (2012). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient *and* that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). A deficiency occurs when counsel has acted in a way that

falls below an objective standard of reasonableness under prevailing professional norms. *Id.* at 466 U.S. 688. Within the context of a guilty plea, prejudice for an ineffective assistance analysis is established when it is shown that "there is a reasonable probability that, but for counsels' errors, petitioner would not have pleaded guilty and would have instead insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Where the issue is one of ineffective assistance of counsel, review under the Anti-Terrorism and Effective Death Penalty Act is "doubly deferential", Cullen v. Pinholster, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, *supra* at 466 U.S. 690.

The state appellate court found that the petitioner had failed to demonstrate the type of prejudice needed to sustain an ineffective assistance claim. Doc. No. 55-31 at pg. 16. At the post-conviction evidentiary hearing, both attorneys for the petitioner testified that the petitioner was informed before entering his plea that the appellate court might not find the certified question of law to be dispositive. They produced a letter signed by the petitioner stating as much. Doc. No. 55-26 at pgs. 2-3. Thus, the state courts were reasonable in finding that the petitioner had failed to show that he would not have pled guilty if he had been properly advised by his attorneys. These claims, therefore, have no merit.

## IV. CONCLUSION

The petitioner's ineffective assistance claim as it relates to the entry of his guilty plea (Claim No. 3) has been procedurally defaulted. In the absence of a showing of cause and prejudice arising from the default, the default is unexcused, rendering this claim meritless.

The state courts determined that the petitioner's fully exhausted claims, i.e., the ineffectiveness of counsel as it relates to the preservation of the certified question of law (Claim Nos. 1 and 2), lacked merit. The record supports this finding. The petitioner has failed to rebut the presumption of correctness accorded to the findings of fact made by the state courts with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Nor has he shown in what way the legal conclusions made by the state courts with respect to his exhausted claims are either contrary to or an unreasonable application of federal law. Accordingly, this action has no merit and will be dismissed.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge